**Petition Dismissed and Memorandum Opinion filed April 13, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00728-CV

## IN RE BOBCAT OF HOUSTON, A DIVISION OF BERRY COMPANIES, INC., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-69076**

## MEMORANDUM OPINION

On October 11, 2022, relator Bobcat of Houston ("BOH"), a division of Berry Companies, Inc., filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, BOH asks this Court to compel the Honorable Cory Don Sepolio, presiding judge of the 269th District Court of Harris County, to vacate orders respectively finding a substantial likelihood of success on the merits for a claim for exemplary damages against BOH, compelling production of net worth evidence from BOH pursuant to Section 41.0115 of the Texas Civil Practice and Remedies Code, and denying BOH's motion to strike

allegedly improper evidence used by the real parties in interest to support their request for exemplary damages.

While the petition was pending, relator's counsel informed the court that the underlying trial court proceeding was tried by a jury, and the jury reached a verdict. Although it does not appear the underlying verdict has been reduced to a final judgment yet, there is no sign that the parties are contesting the trial court's pre-trial discovery orders by mandamus. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 635–36 (Tex. 2021) (observing that once a trial court enters a final judgment, interlocutory orders challenged in a mandamus proceeding "merge[] into the final judgment"). Accordingly, the mandamus challenge to the pre-trial discovery orders appears to be moot.

On March 24, 2023, notification was transmitted to the parties that the court lacks jurisdiction over this mandamus proceeding due to mootness and that the proceeding could be dismissed unless the parties demonstrated this court had jurisdiction on or before April 3, 2023. No party has since indicated this mandamus controversy remains live.

Accordingly, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

2